Argued and submitted September 11, affirmed October 14, 1987

## REDHOUSE,
*Respondent,*

*v.*

## PREFERRED PROPERTIES et al,
*Appellants.*

(A8507-04400; CA A41708)

743 P2d 1125

Michael Mosman, Portland, argued the cause for appellants. On the briefs were Miller, Nash, Wiener, Hager & Carlsen, Portland, Peter C. Richter, Portland, and Melinda S. Eden, Portland.

Lois O. Rosenbaum, Portland, argued the cause for respondent. With her on the brief were Joseph D. Cohen, Portland, and Stoel, Rives, Boley, Fraser & Wyse, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

Affirmed.

## VAN HOOMISSEN, J.

This is an action to recover money invested in a real estate limited partnership organized by defendant Preferred Properties.[1] The issue is whether the sale of the security was an isolated transaction and, therefore, exempt from the requirement that all securities sold in Oregon be registered. *See* ORS 59.055. On cross-motions for summary judgment, the trial court granted plaintiff's motion. We affirm.

Summary judgment is proper, if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47D; *Cochran v. Connell*, 53 Or App 933, 632 P2d 1385, *rev den* 292 Or 109 (1981). The facts are undisputed. Plaintiff, an Oregon resident, was interested in real estate investments. Plaintiff's friend recommended Preferred Properties to him. He inquired in December, 1982, and defendants responded by sending information about a limited partnership and a memorandum soliciting an offer to purchase a partnership interest. About the same time, defendants sent at least two other memoranda concerning the same limited partnership to other Oregon residents. Plaintiff paid $100,000 for a limited partnership interest. The other Oregon residents did not invest in the partnership.

Plaintiff seeks to rescind, contending that the sale violated ORS 59.055 (1981), because the security was not registered. The court concluded that the sale to plaintiff, in the context of the solicitation of offers from two other Oregon residents, was not an isolated transaction exempt from registration under ORS 59.035(2), as it existed when the sale was made.

ORS 59.055 provides, in relevant part:

"It is unlawful for any person to offer or sell any security in this state, unless:

"(1)  The security is registered * * * or

"(2)  * * * the sale is exempt under ORS 59.035."

---

[1] Defendants are Preferred Properties, a Texas corporation, and its president and vice president.

ORS 59.035 then provided,[2] in relevant part:

> "The following sales are exempt from ORS 59.055:
>
> "* * * * *
>
> "(2) An isolated transaction not in the course of repeated and successive transactions in this state."

The evidence shows three solicitations of offers to purchase an interest in the partnership but only one purchase. For the purpose of the Oregon Securities Law, solicitations of offers are "sales." *See* ORS 59.015(11)(a).[3] The three "sales" were made in Oregon at about the same time; they concerned the same limited partnership.

■ The interest sold to plaintiff was an unregistered security. The decisive issue is whether, as a matter of law, the sale to plaintiff was an "isolated transaction." In *Marshall v. Harris,* 276 Or 447, 555 P2d 756, *reh den* 276 Or 823, 556 P2d 1358 (1976), in construing the same exemption, the Supreme Court stated:

> "We believe that the proper test to be applied in such a case is whether the sales in question are made 'within a period of such reasonable time as to indicate that one general purpose actuates the vendor and that the sales are not so detached and separated as to form no part of a single plan.' " 276 Or at 459.

In applying that test, we must determine whether the trier of fact could have properly found that this transaction was exempt as an isolated transaction. 276 Or at 825. We hold that, as a matter of law, no trier of fact could have found that defendants did not have a general purpose in selling interests in the limited partnership or that the three "sales" were not part of a single effort to do so.

Affirmed.

---

[2] ORS 59.035(2) has since been amended by Or Laws 1985, ch 349, § 3.

[3] At that time, ORS 59.015(11)(a) stated, in relevant part:

" 'Sale' or 'sell' includes every disposition or attempt to dispose of, contract to sell, attempt or offer to sell, exchange of, option for the sale of, *solicitation of an offer to purchase,* or subscription for, a security or an interest in a security for a consideration, directly or by an agent, circular, letter, advertisement or otherwise, regardless of whether or not any person so acting has power to pass title to or control the disposition of the security or acts as a finder.' (Emphasis supplied.)

It has since been amended by Or Laws 1985, ch 349, § 1.